UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CLAUDE ZONOU,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,[1]
    Respondent.

Case No. 1:12-cv-69

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction and sentence in the Hamilton County, Ohio, Court of Common Pleas on a felonious assault charge. This matter is before the Court on petitioner's motion for an emergency stay of deportation pending resolution of his habeas petition. (Doc. 8). In accordance with an order issued September 13, 2012 (*see* Doc. 9), respondent has filed a brief in opposition to the motion. (Doc. 11). Petitioner has filed a reply to respondent's pleading. (Doc. 12).

In his motion for stay of deportation, petitioner alleges that he will be released from state custody on March 21, 2013. (Doc. 8). Petitioner has attached a copy of a letter dated June 11, 2012, addressed to the Cincinnati sub-office of the Bureau of Immigration & Naturalization, in

---

[1] When petitioner commenced the instant action, he properly named the Warden of the Ross Correctional Institution (RCI) in Chillicothe, Ohio, as the respondent because petitioner was incarcerated at RCI at that time. (*See* Docs. 1, 5). On September 26, 2012, petitioner notified the Court of his change in address, which reflected that he had been transferred to the Chillicothe Correctional Institution (CCI) in Chillicothe, Ohio. (*See* Doc. 10). Because it appears that CCI's Warden is the individual who now has custody of the petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

which he requests assistance in obtaining blood test results that he had previously submitted to that office. (*See id.*). However, petitioner has not indicated in the motion whether a deportation order has been entered against him or whether removal proceedings have even been initiated by federal immigration authorities. In the absence of any such allegations or evidence in the record, it appears that petitioner's motion is premature. *Cf. United States v. Villa-Gutierrez*, No. 8:07CR112, 2011 WL 4600594 (D. Neb. July 19, 2011) (involving emergency motion for stay of deportation by a federal prisoner in a collateral review proceeding under 28 U.S.C. § 2255).

In any event, even if removal proceedings have been held, which resulted in the entry of an order of deportation, this Court lacks jurisdiction to review or stay such an order. *See Vulaj v. Baker*, No. 06-14988, 2006 WL 3253256, at *2 (E.D. Mich. Nov. 8, 2006); *see also Villa-Guiterrez, supra*, 2011 WL 4600594. To the extent that petitioner's request for a stay involves review of a removal order, the REAL ID Act of 2005 "clearly eliminated a habeas petition as a means for judicial review." *See Muka v. Baker*, 559 F.3d 480, 483 (6th Cir. 2009) (quoting *Jaber v. Gonzales*, 486 F.3d 223, 230 (6th Cir. 2007)); *see also* 28 U.S.C. §§ 1252(a)(5), 1252(b)(9), 1252(e)(2). The statute also divests district courts of jurisdiction to review removal orders. *See* 28 U.S.C. § 1252(a)(5); *see also Villa-Gutierrez, supra*, 2011 WL 4600594, at *1; *United States v. Bruce*, Nos. CR.A. 99-045-2 JJF & Civ.A. 01-211 JJF, 2002 WL 31757938, at *2 (D. Del. Nov. 26, 2002). Instead, the statute provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 28 U.S.C. § 1252(a)(5) (emphasis added); *see also Muka,* 559 F.3d at 484 ("the REAL ID Act provides an exclusive mechanism for review of [removal] decisions via petitions for review filed in the court of appeals"); *Vulaj, supra*, 2006 WL 3253256, at *2 ("judicial review of orders of removal . . . is now vested exclusively in the federal court of appeals"); *Villa-Guiterrez, supra*, 2011 WL 4600594 ("A petition for review in the court of

2

appeals is the sole and exclusive means for judicial review of an order of removal."); *cf. Bruce,* 2002 WL 31757938, at *2 ("the appropriate venue for [challenging a deportation order] is the court of appeals for the judicial circuit in which the immigration judge completed the proceedings").

To the extent that petitioner is not challenging his deportation, but only seeks a stay while the instant habeas petition challenging his state conviction is pending, this Court still lacks jurisdiction under the REAL ID Act to stay any removal order that has been entered or issued in an immigration proceeding. *Vulaj, supra,* 2006 WL 3253256, at *2. The statute expressly provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, *or execute removal orders against any alien.*" 8 U.S.C. § 1252(g) (emphasis added). "A scheduled deportation is indisputably an action to 'execute removal orders.'" *Vulaj, supra,* 2006 WL 3253256, at *2; *cf. Elgharib v. Napolitano,* 600 F.3d 597, 606 (6th Cir. 2010) (citing *Moussa v. Jenifer,* 389 F.3d 550, 552-55 (6th Cir. 2004), as "rejecting, based on earlier version of § 1252(g), claim that district court had jurisdiction over habeas petition . . . to stay the execution of a deportation order"). Indeed, in *Moussa,* the Sixth Circuit concluded in accordance with the Seventh Circuit that an immigration official's discretionary decision whether or not to grant a stay of deportation "is directly part of a decision to execute a removal order." *Moussa,* 389 F.3d at 554 (citing *Sharif ex rel. Sharif v. Ashcroft,* 280 F.3d 786, 787 (7th Cir. 2002), and *Saccoh v. INS,* 24 F. Supp.2d 406, 408 (E.D. Pa. 1998)). Therefore, this Court is precluded by 8 U.S.C. § 1252(g) from considering petitioner's motion to stay any order of deportation that has been or may in the future be entered against him.

Accordingly, in sum, the undersigned concludes that petitioner's motion for emergency stay of deportation (Doc. 8) should be denied on the ground that the motion is premature and, in

any event, the Court lacks jurisdiction to grant the relief that is requested by petitioner in the motion.

## IT IS THEREFORE RECOMMENDED THAT:

Petitioner's motion for emergency stay of deportation (Doc. 8) be **DENIED**.

Date: 2/14/13

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CLAUDE ZONOU,
    Petitioner

vs

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent

Case No. 1:12-cv-69

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

cbc

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Claude Zonou #617-832
   Chillicothe Corr. Inst.
   PO Box 5500
   Chillicothe, OH 45601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☒ Agent
                           ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7011 3500 0001 5345 5239

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540